IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MICHELLE BUTZ and BRIAN BUTZ, | : | No. 4:09-CV-00673 |
| Plaintiffs, | : | |
| v. | : | (Judge McClure) |
| JAMES SCHLEIG, WATSONTOWN TRUCKING COMPANY, JOHN DOE I, JOHN DOE II, AND JOHN DOE III, | : | |
| Defendants. | : | |

**MEMORANDUM**

April 2, 2010

**I. Background:**

This action began on or around January 9, 2009, when the plaintiffs, Michelle and Brian Butz, filed a complaint in the Superior Court of Monmouth County, New Jersey. In their complaint, the plaintiffs allege that Watsontown Trucking Company ("Watsontown Trucking") and James Schleig negligently caused an accident with plaintiffs that occurred on June 4, 2008. That accident took place in Clearfield County, Pennsylvania.

The action was removed by defendants Watsontown Trucking and Schleig on February 20, 2009, to the United States District Court for the District of New Jersey.

**II. Procedural History:**

The United States District Court for the District of New Jersey ("New Jersey Court"), on March 3, 2009, issued an order, sua sponte, to show cause why the matter should not be transferred to the United States District Court for the Middle District of Pennsylvania. (Rec. Doc. No. 4). Plaintiffs filed a response to this order on March 17, 2009, and defendants Watsontown Trucking and Schleig filed a response on March 24, 2009. (Rec. Doc. Nos. 5 and 11). On April 2, 2009, the plaintiffs filed a reply brief, with exhibits, in which the plaintiffs opposed transfer of the case to the District Court for the Middle District of Pennsylvania and, in addition, sought reassignment of the action within the District of New Jersey. (Rec. Doc. Nos. 15 and 16). On April 7, 2009, the New Jersey Court issued a Memorandum Opinion, in which it granted the order to show cause and transferred the action to the United States District Court for the Middle District of Pennsylvania. (Rec. Doc. Nos. 17 and 18).

Defendants Watsontown Trucking and Schleig filed an answer to the plaintiffs' complaint on March 19, 2009 (Rec. Doc. No. 8), an amended answer on March 19, 2009 (Rec. Doc. No. 9), and an additional amended answer on March 20, 2009 (Rec. Doc. No. 10)

On January 19, 2010, plaintiffs filed a motion, which was concurred in by

2

defendants, for an extension of time in which to complete discovery. (Rec. Doc. No. 31). This Court granted the motion on January 25, 2010. (Rec. Doc. No. 41).

Also on January 19, 2010, plaintiffs filed a motion seeking the transfer of the action under 28 U.S.C. § 1404 to the District of New Jersey, with a brief in support thereof. (Rec. Doc. Nos. 32 and 34). On January 26, 2010, defendants Watsontown Trucking and Schleig filed a brief in opposition to the motion to transfer the case. (Rec. Doc. No. 42). Plaintiffs filed a reply brief on February 5, 2010. (Rec. Doc. No. 43). On February 9, 2010, we denied the motion for transfer. (Rec. Doc. No. 44). Our denial rested on the fact that we harbored substantial doubt as to whether the case could have been brought against defendant Schleig in New Jersey. We also noted that, even if the District of New Jersey could exercise personal jurisdiction over defendant Schleig, we would still conclude that transfer to the District of New Jersey under § 1404 would be improper.

At issue in the instant memorandum and order is plaintiffs' "Motion for Reconsideration of Order Entered February 9, 2010 or in the Alternative for Certification Pursuant to 28 U.S.C. 1292(b)," accompanied by a brief in support. (Rec. Doc. Nos. 45 and 46). Defendants have filed a memorandum of law in opposition to plaintiffs' motion for reconsideration (Rec. Doc. No. 47), and

3

plaintiffs have filed a reply brief (Rec. Doc. No. 48). The motion for reconsideration is therefore ripe for disposition, and now for the following reasons we will deny the motion. (Rec. Doc. No. 45).

## III. Discussion

### 1. Standard of Review for Motions for Reconsideration

A motion for reconsideration is a device of limited utility. Its purpose is to correct manifest errors of law or fact or to present newly discovered evidence. Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985). Accordingly, a party seeking reconsideration must demonstrate at least one of the following grounds prior to the court's altering, or amending, a standing judgment: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court entered judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999) (citing North River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995)); see also Pub. Interest Research Group v. Magnesium Elektron, 123 F.3d 111, 117 (3d Cir. 1997).[1] A

---

[1] This court notes that, in the context of deciding a motion for reconsideration of an order pertaining to transfer of venue, Pennsylvania district courts have applied Max's Seafood and Pub. Interest, though a transfer of venue order is interlocutory in nature and not a final judgment. See Akhi Raheem Muhammad v. Weis, 2009 U.S. Dist. LEXIS 94243, *3-6 (E.D. Pa. Oct. 6, 2009)

motion for reconsideration is appropriate in instances where the court has "patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension."  Rohrbach v. AT & T Nassau Metals Corp., 902 F.Supp. 523, 527 (M.D. Pa. 1995), vacated in part on other grounds on reconsideration, 915 F.Supp. 712 (M.D. Pa. 1996) (quoting Above the Belt, Inc. v. Mel Bohannan Roofing, Inc., 99 F.R.D. 99, 101 (E.D.Va.1983)).

Importantly, a motion for reconsideration may not be used as a means to reargue unsuccessful theories, or argue new facts or issues that were not presented to the court in the context of the matter previously decided.  Drysdale v. Woerth, 153 F. Supp. 2d 678, 682 (E.D. Pa. 2001). "Because federal courts have a strong interest in the finality of judgments, motions for reconsideration should be granted sparingly."  Continental Cas. Co. v. Diversified Indus., Inc., 884 F.Supp. 937, 943 (E.D. Pa. 1995).

---

(in which the district court reconsidered whether its order that dismissed all but two of the plaintiff's claims and transferred the remaining claims against all defendants but one to the United States District Court for the Western District of Pennsylvania "was a clear error of law or would create manifest injustice" under Pub. Interest); Shaw v. Parker Hannifin Corp., 2008 U.S. Dist. LEXIS 49541, *5 (E.D. Pa. June 27, 2008) (in which the district court reconsidered whether its order that transferred the action to the United States District Court for the Northern District of Ohio would result in "a manifest injustice").

## 2. Plaintiffs' Motion for Reconsideration

The subject of the instant memorandum and order is plaintiffs' motion for reconsideration of our February 9, 2010 Order. (Rec. Doc. No. 45). In their brief in support, plaintiffs first argue at length as to the burden that would be placed on them if they and their experts and other witnesses were forced to travel to Williamsport, Pennsylvania, for an eventual trial. Plaintiffs also point to the fact that the only remaining issues in dispute are causation and damages, further support, they contend, for transferring this action back to the District of New Jersey under § 1404. In addition, it appears as though nearly all of the medical records relevant to the remaining issues are located in New Jersey. Plaintiffs contend that the court misunderstood material facts and assumed others in our February 9, 2010 Order and, as such, a granting of the plaintiffs' motion for reconsideration is warranted.

Second, plaintiffs claim that defendant Schleig cannot contend that New Jersey lacks personal jurisdiction over him, as he waived any objection to that court's jurisdiction. As support for this claim, the plaintiffs state that "[d]efendant Schleig raised (3) improper venue, but not (2) lack of personal jurisdiction." (Rec. Doc. No. 46 at 25). Plaintiffs go on to argue that "defendant Schleig waived objection to the New Jersey court's jurisdiction by challenging venue, but omitting

6

a motion to dismiss for lack of personal jurisdiction." Id. at 26.

The plaintiffs request that this court grant reconsideration and transfer the instant action to the United States District Court for the District of New Jersey. If this court were to deny the plaintiffs' motion, they would request that this court certify our February 9, 2010 Order pursuant to 28 U.S.C. § 1292(b), for the purposes of an interlocutory appeal.

**3. Whether the Action Could have been Brought in the District of New Jersey**

As this court noted in its February 9, 2010 Order, a court may transfer an action only when the transferee court has the power to exercise personal jurisdiction over all defendants. See High River Ltd. Partnership v. Mylan Labs., Inc., 353 F. Supp. 2d 487, 492 (M.D. Pa. 2005) (Rambo, J.) (citing Sunbelt Corp. v. Noble, Denton & Assocs., 5 F.3d 28, 31 (3d Cir. 1993); Shutte v. Armco Steel Corp., 431 F.2d 22, 24 (3d Cir. 1970)). The issue of whether the action could have been brought in the transferee district is a threshold question. It is a plaintiff's burden to show that the transferee court is empowered to exercise personal jurisdiction over all defendants. See High River, 353 F. Supp. 2d at 493 (stating that "the moving party must demonstrate that venue, personal jurisdiction, and subject matter jurisdiction would all have been proper in the proposed transferee district") (citing Hoffman v. Blaski, 363 U.S. 335, 343-44 (1960)).

We remain unconvinced that the plaintiffs have demonstrated that personal jurisdiction over defendant Schleig would properly lie in the District of New Jersey.[2] Instead of making any showing that a New Jersey court would be empowered to exercise personal jurisdiction over defendant Schleig, plaintiffs have sought to show that Schleig did not properly raise a defense based on lack of personal jurisdiction and that he in fact waived such a defense.

---

[2] We are similarly skeptical that venue would properly lie in the District of New Jersey such that the present action could have been brought there. Pursuant to 28 U.S.C. § 1391(a):
> A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

Here, for the purposes of subsection (a)(2), no events or omissions giving rise to the plaintiffs' claims occurred in New Jersey; instead, the accident occurred in Clearfield County, in the Western District of Pennsylvania. Subsection (a)(1) is also applicable as both defendants reside in Pennsylvania; therefore, the action could have been brought in any district where either Watsontown Trucking or Schleig resides. Clearly, the Middle District of Pennsylvania is such a district, as both Watsontown Trucking and Schleig reside there for the purposes of § 1391. However, this court is unaware of any allegations that both defendants reside in New Jersey, a fact that would have allowed the plaintiffs to bring the action in the District of New Jersey under subsection (a)(2). Because there are at least two districts in Pennsylvania in which the present action might have otherwise been brought, subsection (a)(3) is inapplicable.

8

We find plaintiffs' attempts to demonstrate waiver unavailing. In their amended answer to the plaintiffs' complaint that was filed on March 20, 2009, the defendants stated that the New Jersey Court "lacks jurisdiction over defendants by reason of insufficiency of process and reserves the right to move at or before trial for a dismissal of the Complaint on the ground of lack of jurisdiction because of insufficiency of process *and/or service, personal or subject matter jurisdiction*." (Rec. Doc. No. 10 at 6) (emphasis added). Defendants made no motion under Fed. R. Civ. P. 12(b) prior to this responsive pleading.

Four days later, on March 24, 2009, the defendants filed a response to the New Jersey Court's sua sponte order to show cause. (Rec. Doc. No. 11). In that response, defendants argued that venue in the District of New Jersey was improper and that the action should be transferred to the Middle District of Pennsylvania. The defendants did not make a motion relying on improper venue under Fed. R. Civ. P. 12(b); instead, they merely responded to a sua sponte order to show cause issued by the New Jersey Court. Even so, the defendants, on numerous occasions throughout their brief, reiterated their belief that personal jurisdiction over all of the defendants did not exist.[3]

---

[3] See Rec. Doc. No. 11 at 3 (stating that the "U.S. District Court for the District of New Jersey has no personal jurisdiction"), at 4 ("The District of New Jersey has no personal jurisdiction over John Schleig."), at 5 ("This Court has no

9

The court finds it difficult to conclude, on this record, that defendant Schleig waived his Fed. R. Civ. P. 12(b) defense based upon lack of personal jurisdiction. As such, we conclude that there remains substantial doubt as to the District Court of New Jersey's ability to exercise personal jurisdiction over defendant Schleig; therefore, we will refrain from transferring this action to the District of New Jersey.[4]

---

personal jurisdiction over James Schleig.").

[4] Plaintiffs have attempted to show, in essence, that the present action could have been brought in the District of New Jersey because defendant Schleig failed to properly raise or waived a defense based on lack of personal jurisdiction under Fed. R. Civ. P. 12(b)(2). However, even if this court were to agree with the plaintiffs that defendant Schleig did fail to properly raise, or did waive, a defense based upon lack of personal jurisdiction, it would not be clear that, for the purposes of § 1404, the plaintiffs could have brought the action in the District of New Jersey. As the United States Supreme Court has noted, "the power of a District Court under § 1404(a) to transfer an action to another district is made to depend not upon the wish or waiver of the defendant but, rather, upon whether the transferee district was one in which the action 'might have been brought' by the plaintiff." Hoffman, 363 U.S. at 343-44 (1960). The Court went on to agree with the Circuit Court of Appeals for the Seventh Circuit, which has stated:
> If when a suit is commenced, plaintiff has a right to sue in that district, independently of the wishes of defendant, it is a district 'where [the action] might have been brought.' If he does not have that right, independently of the wishes of defendant, it is not a district 'where it might have been brought,' and it is immaterial that the defendant subsequently [makes himself subject, by consent, waiver of venue and personal jurisdiction defenses or otherwise, to the jurisdiction of some other forum]."

Id. at 344 (quoting Blaski v. Hoffman, 260 F.2d 317, 321 (7th Cir. 1958); Behimer v. Sullivan, 261 F.2d 467, 469 (7th Cir. 1958)). The above calls into question even

10

### 4. This Court's Analysis of the § 1404 Factors

Because we conclude that the question of personal jurisdiction by a New Jersey court over defendant Schleig was properly addressed by our February 9, 2010 Order, we need not reconsider our analysis of the § 1404 factors in deciding whether the convenience of the parties weighs in favor of or against transfer. As we conclude that the present action could not have been brought in the District of New Jersey, which is a threshold question, the analysis of the § 1404 factors becomes irrelevant.

### 5. Whether Certification Pursuant to 28 U.S.C. § 1292(b) is Warranted

In the alternative, plaintiffs argue that this court's order denying transfer to the District of New Jersey should be certified for appeal under 28 U.S.C. § 1292(b).

An order may be certified for interlocutory appeal by a district court pursuant to 28 U.S.C. § 1292(b) if the order: (1) involves a controlling question of law; (2) there is substantial ground for difference of opinion with respect to that question, and (3) immediate appeal may materially advance the ultimate

---

the plaintiffs' argument that because of defendant Schleig's arguable waiver of his defense based upon lack of personal jurisdiction, the action could have been brought in the District of New Jersey and, therefore, transfer under § 1404 would be proper.

termination of the litigation.  See 28 U.S.C. § 1292(b); Katz v. Carte Blanche Corp., 496 F.2d 747, 754 (3d Cir. 1974).  An order should be certified under § 1292(b) by a district court only in exceptional circumstances.  See Milbert v. Bison Labs., Inc., 260 F.2d 431, 433 (3d Cir. 1958).

A "controlling question of law" is one that is "serious to the conduct of the litigation, either practically or legally," such as whether an erroneous decision on the question "would result in a reversal of a judgment after final hearing."  Katz, 496 F.2d at 755.  We fail to see how our decision not to transfer this case back to the District of New Jersey involves a controlling question of law.   First, it is not clear that New Jersey law would apply if the matter were transferred back to the District of New Jersey.  Harkes v. Accessory Corp., 2010 U.S. Dist. LEXIS 21748, *6 n.3 (D.N.J. Mar. 10, 2010) ("Similar to contract claims, when resolving choice of law disputes stemming from tort claims, New Jersey courts apply the law of the state with most significant contacts in light of the factors enumerated in § 145 of the Restatement (Second) of Conflict of Laws.") (citing Lebegern v. Forman, 471 F.3d 424, 428 (3d Cir. 2006)).  Second, this court remains unconvinced that transfer would be appropriate.  Plaintiffs' have not pointed to any basis for a New Jersey court's ability to exercise personal jurisdiction over defendant Schleig, and we do not believe that Schleig's conduct concerning his personal jurisdiction

defense could be characterized as a waiver. For these reasons, the court believes our decision denying plaintiffs' motion for transfer to the District of New Jersey does not involve a controlling question of law.

Additionally, we do not believe that certification under § 1292(b) would materially advance the ultimate termination of this litigation. First, an interlocutory appeal concerning venue will not resolve any issue remaining in the instant case. Second, any such appeal will only increase the likelihood, as the defendants point out, that a stay prior to trial will be required. As such, we fail to see how certification will materially advance the ultimate termination of this litigation.

In light of the foregoing, the court finds that two of the three elements required for certification under § 1292(b) have not been met. Therefore, the court will deny the plaintiffs' alternative motion for certification pursuant to § 1292(b).

**IV. Conclusion**

In light of the foregoing, the plaintiffs' "Motion for Reconsideration of Order Entered February 9, 2010 or in the Alternative for Certification Pursuant to 28 U.S.C. 1292(b)" will be denied. (Rec. Doc. No. 45).

      s/ James F. McClure, Jr.
James F. McClure, Jr.
United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MICHELLE BUTZ and BRIAN BUTZ, | : | No. 4:09-CV-00673 |
| Plaintiffs, | : | |
| v. | : | (Judge McClure) |
| JAMES SCHLEIG, WATSONTOWN TRUCKING COMPANY, JOHN DOE I, JOHN DOE II, AND JOHN DOE III, | : | |
| Defendants. | : | |

**ORDER**

April 2, 2010

For the reasons set forth in the accompanying Memorandum, **IT IS HEREBY ORDERED THAT:**

Plaintiffs' "Motion for Reconsideration of Order Entered February 9, 2010 or in the Alternative for Certification Pursuant to 28 U.S.C. 1292(b)" is **DENIED**. (Rec. Doc. No. 45).

                                                                        s/ James F. McClure, Jr.
                                                                        James F. McClure, Jr.
                                                                        United States District Judge