IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MICHELLE BUTZ and BRIAN BUTZ, | : | No. 4:09-CV-00673 |
| Plaintiffs, | : | |
| v. | : | (Judge McClure) |
| JAMES SCHLEIG, WATSONTOWN TRUCKING CO., | : | |
| Defendants. | : | |

**MEMORANDUM**

November 17, 2010

**Background:**

Plaintiffs commenced this action on January 9, 2009, by filing a complaint in the Superior Court of Monmouth County, New Jersey. In their complaint, the plaintiffs, Michelle and Brian Butz, allege that Watsontown Trucking Company ("Watsontown Trucking") and James Schleig negligently caused an accident with plaintiffs that occurred on June 4, 2008. That accident took place in Clearfield County, Pennsylvania.

The action was removed by defendants Watsontown Trucking and Schleig on February 20, 2009, to the United States District Court for the District of New Jersey. On April 7, 2009, the New Jersey Court transferred the action to the United

1

States District Court for the Middle District of Pennsylvania. (Rec. Doc. Nos. 17 and 18).

Defendants filed four motions *in limine* on April 19, 2010. We deferred judgment on one of the motions, Motion *In Limine* to Preclude Evidence of Medical Expenses at Trial pending a supplemental brief from plaintiffs. (Rec. Doc. No. 56) Plaintiffs filed their supplemental brief on July 15, 2010. Plaintiffs and defendants both argued the motion using New Jersey law. As this federal court is sitting in Pennsylvania, we ordered additional briefing on choice of law to determine whether Pennsylvania or New Jersey law applies to this issue. All supplemental briefs have been filed.

Defendant is seeking to preclude evidence of plaintiff's medical expenses incurred as a result of the June 4, 2008 accident. Plaintiffs' counsel stated in an affidavit opposing the motion in limine, "Plaintiffs have no intention to seek reimbursement of any PIP[1] benefits that have been paid." (Rec. Doc. No. 60 at 2). Plaintiffs' auto insurer is New Jersey Manufacturers ("NJM"). As plaintiffs have indicated that they do not intend to seek reimbursement for PIP benefits, the motion *in limine* then is focused toward medical bills that were not paid by New Jersey Manufacturers as PIP benefits, but bills that were submitted to her health

---

[1] PIP is short for personal injury protection.

insurance carrier, Horizon Blue Cross ("HBC").  New Jersey caps PIP coverage at $250,000.  N.J. Stat. §39:6A-4(a).  To date, NJM has paid $23,298.27 of PIP coverage.  However, plaintiffs requested an extension of discovery deadlines because Michelle Butz will be undergoing two surgeries, and she anticipates that her medical bills may surpass the $250,000 PIP limit.  Thus, the motion has been rendered premature. We will defer decision on the motion until all medical expenses plaintiffs intend to admit at trial have been incurred.

    s/ James F. McClure, Jr.
James F. McClure, Jr.
United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MICHELLE BUTZ and BRIAN BUTZ, | : | No. 4:09-CV-00673 |
| Plaintiffs, | : | |
| v. | : | (Judge McClure) |
| JAMES SCHLEIG, WATSONTOWN TRUCKING CO., | : | |
| Defendants. | : | |

**ORDER**

November 17, 2010

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

Defendants' Motion *In Limine* to Preclude Evidence of Medical Expenses at Trial is DEFERRED until all medical expenses plaintiffs intend to admit at trial have been incurred. (Rec. Doc. No. 56).

    s/ James F. McClure, Jr.
James F. McClure, Jr.
United States District Judge